42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Conduct of Tony K. BEHRENS.
Tony Keith Behrens, Respondent-Appellant.
 No. 93-16709.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided Nov. 21, 1994.
 
 1
 Before: ALARCON, HALL, Circuit Judges, KING**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Tony Behrens was suspended for one year from practicing law in the United States District Court for the District of Arizona for violating the district court's February 12, 1992 protective order. The protective order stated:
 
 
 4
 Motion for Protective Order as to Videotapes is GRANTED to the extent that the Videos will not be broadcast until after the jury panel is selected. Said videos previously submitted to the court shall be kept in possession of the Court until further Order.
 
 
 5
 On June 2, 1993, one week prior to the start of trial, Behrens issued a press release to the local media, a copy of which was faxed to opposing counsel. The press release described the contents of the videotape as follows:
 
 
 6
 Shown on videotape recorded by the police department is Pablo Carrasco, while handcuffed, being backhand slapped across his face, pushed to the floor, held down, punched and kicked. Not shown on the videotape are other incidents of alleged improper force upon Pablo Carrasco.
 
 
 7
 On appeal from the district court's order of suspension, Behrens argues that the district court erred in ruling that he violated the February 12, 1992 protective order. He asserts that he did not violate the terms of the February 12, 1992 protective order because it is undisputed that he did not release the videotape prior to the selection of the jury. Alternatively, Behrens argues that if the February 12, 1992 protective order is interpreted as not permitting the release of a written description of the contents of the videotape prior to the selection of the jury, then the suspension violates due process. Behrens further contends that a suspension based on a violation of the February 12, 1992 order would violate his First Amendment rights. In addition, Behrens claims that the severity of the suspension ordered by the district court violated his right to due process.
 
 
 8
 We reverse the district court's order of suspension because we conclude that Behrens did not violate the February 12, 1992 protective order.
 
 
 9
 Behrens' primary contention on appeal is that "there was no violation whatsoever of any district court order." Appellant's Br. at 15. Behrens asserts that the protective order prohibits only the release of the videotape itself to the media or to other third parties prior to trial. Id. Because Behrens never released the videotape to anyone, he argues that the district court clearly erred in finding that he violated the protective order. Id. We review a district court's findings of fact in support of a disciplinary order for clear error. United States Dist. Court v. Sandlin, 12 F.3d 861, 864 (9th Cir.1993).
 
 
 10
 It is undisputed that Behrens did not release the videotape itself to the media or to any other third parties prior to trial. Thus, Behrens did not violate the express terms of the February 12, 1992 protective order by releasing a written description of the contents of the videotape.
 
 
 11
 Because we must reverse the suspension order, we do not consider Behrens' remaining contentions.
 
 
 12
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Samuel P. King, United States Senior District Judge, of Honolulu, Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3